**Opinion issued September 5, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00708-CV

————————————

## IN RE STEFANIE M. HELMUTH, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Stefanie M. Helmuth, has filed a petition for writ of mandamus in this eviction case,[1] requesting that we order the county court hold she is not required to pay the $23,000 supersedeas bond set by the court.[2] In conjunction with the petition,

---

[1]    The underlying case is *PennyMac Loan Services, LLC v. Stefanie Helmuth*, Cause Number 1256215 in the County Civil Court at Law No. 3 of Harris County.

[2]    Relator has filed a separate appeal from the eviction judgment in Cause No. 01-25-00697-CV.

Relator filed a motion requesting that we stay enforcement of the writ of possession pending resolution of this mandamus petition.

Relator's sole argument for mandamus relief is that, because she filed a "Statement of Inability to Afford Payment of Court Costs and Bond" in the trial court, she does not have to post any bond under Texas Property Code sections 24.0052 through 24.0054. However, those sections concern bond issues related to a tenant's appeal from a justice court to a county court. *See* TEX. PROP. CODE § 24.0052-.0054.

Section 24.007 relates to the appeal of a "final judgment of a county court in an eviction action," and provides that such judgment "may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE § 24.007. In setting the supersedeas bond amount, the county court is required to consider, among other things, the value of rents likely to accrue during the appeal. *See id.*; *see also* TEX. R. APP. P. 24.2(a)(2)(A) ("[T]he trial court will determine the type of security that the judgment debtor must post. The amount of security must be at least the value of the property's rent or revenue, if the property interest is real."). A party's indigence does not relieve the party of the obligation to file a supersedeas bond under section 24.007. *See Johnson v. Freo Tex. LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *2 (Tex. App.—Houston [1st

Dist.] May 10, 2016, no pet.) (mem. op.) ("A defendant's indigence does not relieve her of the obligation to file a supersedeas bond."); *Jimison v. MAEDC-Hulen Bend Senior Cmty., L.P.*, No. 02-23-00206-CV, 2024 WL 3282544, at *5 n.5 (Tex. App.—Fort Worth July 3, 2024, no pet.) (same). Relator provides no argument demonstrating that the county court clearly abused its discretion under section 24.007.[3] *See In re Nissan N. Am., Inc.*, 711 S.W.3d 66, 74 (Tex. App.—Houston [1st Dist.] 2024, no pet.) ("Mandamus is an extraordinary remedy that will issue only when (1) a trial court clearly abuses its discretion and (2) the relator lacks an adequate remedy by appeal.").

We conclude Realtor is not entitled to mandamus relief and deny her petition. *See* TEX. R. APP. P. 52.8(a). We dismiss Relator's stay motion and any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Guiney, and Johnson.

---

[3] Additionally, nothing in the record supports that Relator filed in the trial court a motion under Texas Rule of Appellate Procedure 24.2(b) seeking to lower the bond amount to an amount that will not cause the debtor substantial economic harm, or that the county court made a ruling on such a motion. *See Johnson v. Villatoro*, No. 14-18-00150-CV, 2018 WL 3848070, at *2 (Tex. App.—Houston [14th Dist.] Aug. 14, 2018, no pet.) (mem. op.) ("We cannot review the county court's exercise of discretion unless the record demonstrates that a request to reduce the amount of security due to substantial economic harm was presented to the county court and a ruling made thereon.").

3